# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:19-CR-87-SDJ-KPJ-3** |
| | § | |
| **JAMAINE JAVON WILLIAMSON (3)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 29, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Sean Taylor.

On June 15, 2020, United States District Sean D. Jordan sentenced Defendant to a term of sixty (60) months imprisonment followed by five (5) years of supervised release. *See* Dkt. 151 at 1–3. On July 26, 2023, Defendant completed his term of imprisonment and began serving his term of supervised release. *See* Dkt. 173 at 1.

On October 24, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 173), alleging Defendant violated four conditions of his supervised release. *Id.*at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any lawful use of a controlled substance; (2) Defendant shall report to the Probation Officer as instructed; (3) Defendant shall answer truthfully the questions asked by the Probation Officer; and (4) Defendant shall participate

1

in a program of testing and treatment for substance abuse and follow the rules and regulations of

that program until discharged. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On July 28, 2023, Defendant submitted a urine specimen at the Probation Office, which tested positive for methamphetamine and amphetamine. He denied any use. The specimen was confirmed positive for both substances by the national lab.

On August 22, 2023, during an unannounced home visit, Defendant submitted a positive urine specimen for methamphetamine, amphetamine, and marijuana. He verbally admitted to smoking marijuana and using drugs while at a night club, and the specimen was confirmed positive for all substances by the national lab.

On October 12, 2023, Defendant submitted a positive urine specimen for methamphetamine, amphetamine, and marijuana at McCary Counseling in Denton, Texas. He verbally admitted using methamphetamine and marijuana prior to the submission, and the specimen was confirmed positive for all substances by the national lab.

(2) Defendant failed to submit timely and truthful monthly supervision reports by the 5th of each month, as previously instructed, for the months of August 2023 and September 2023.

(3) On August 22, 2023, during an unannounced home visit, Defendant verbally admitted to being untruthful on July 28, 2023, when he submitted a positive urine specimen for methamphetamine on that date.

(4) As part of the random drug testing program, Defendant failed to submit a urine specimen at McCary Counseling in Denton, Texas on September 2, 2023, and September 28, 2023. Additionally, as part of the substance abuse treatment program, Defendant failed to attend group counseling on September 26, 2023.

On January 29, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 29, 2024. Defendant entered a plea of true to allegations one and four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 186. The Government moved to withdraw allegations two and three, which the Court granted. *See* Minute Entry for January 29,

2

2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 29, 2024, hearing, the Court recommends Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with forty-eight (48) months of supervised release to follow. The Court further recommends that Defendant be placed under the same conditions as those under which he was originally released, as well as the following new special conditions:

(1) Defendant shall participate in a combination of psychiatric, psychological, and mental health treatment programs, and follow the rules and regulations of those programs, until discharged. This includes taking any mental health medication as prescribed by the treating physician. The Probation Officer, in consultation with the treatment provider, will supervise Defendant's participation in those programs. Defendant shall pay any cost associated with treatment and testing.

(2) Defendant shall not use or possess alcohol.

The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

So ORDERED and SIGNED this 30th day of January, 2024.

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE